UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13216-RGS

BROCKTON FIRE DEPARTMENT and
EDWARD WILLIAMS

v.

ST. MARY BROAD STREET, LLC and
BRIAN BERNENBERG

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

April 13, 2016

Stearns, D.J.

After a kitchen fire at a sober house on Copeland Street in Brockton, Massachusetts, the Brockton Fire Department, through Lieutenant Edward Williams, brought an action in the Brockton Housing Court seeking to enforce the State Sprinkler Law, Mass. Gen. Laws ch. 148, § 26H, against the operators of the home, defendants St. Mary Broad Street, LLC and Brian Bernenberg. Defendants removed the case to the federal district court on federal question grounds, citing the Federal Housing Act (FHA) as amended, 42 U.S.C. § 3601 *et seq.* In July of 2015, the court stayed a decision, without objection from the parties, given then-pending legislation amending the

Sprinkler Law.[1]  *See* Dkt. Nos. 28, 29.  The Legislature, however, did not act on the proposed amendment.  Consequently, the court will therefore turn to a decision on the parties' cross-motions for summary judgment.

The Sprinkler Law provides that

> [i]n any city or town which accepts the provisions of this section, every lodging house or boarding house shall be protected throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code. . . .
>
> For the purposes of this section "lodging house" or "boarding house" shall mean a house where lodgings are let to six or more persons not within the second degree of kindred to the person conducting it, but shall not include fraternity houses or dormitories, rest homes or group residences licensed or regulated by agencies of the commonwealth.

It is undisputed that more than six unrelated persons reside at the Copeland Street house, that the home is not licensed by the State, and that the City of Brockton has accepted the provisions of Section 26H in 1988.

Defendants contend, and the court agrees, that the enforcement of the Sprinkler Law against the sober home is enjoined by the Massachusetts

---

[1] The proposed amendment, in conjunction with a proposed amendment to Mass. Gen. Laws ch. 40, § 9D, would have brought sober homes under State regulation and mandate the installation of automatic sprinkler systems.  *See* 2015 Massachusetts Senate Bill No. 1062 (https://malegislature.gov/Bills/189/Senate/S1062, last visited April 13, 2016).

Zoning Act (MZA), Mass. Gen. Laws Ch. 40A. Section 3 of the MZA provides in relevant part that

> [n]otwithstanding any general or special law to the contrary, local land use and health and safety laws, regulations, practices, ordinances, by-laws and decisions of a city or town shall not discriminate against a disabled person. Imposition of health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons shall constitute discrimination. The provisions of this paragraph shall apply to every city or town, including, but not limited to the city of Boston and the city of Cambridge.

The Sprinkler Law is unquestionably a "health and safety law." On its face, as plaintiffs concede, the Sprinkler Law could not compel the installation of an automatic sprinkler system[2] in a home occupied by a family of six or more related persons, or in group homes such as student dormitories and fraternity houses that are expressly exempted by the law. Plaintiffs also do not contest that the recovering alcoholics and drug addicts hosted by the sober home qualify as "disabled persons" under the MZA. *See S. Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010) (*SMOC*) ("Federal regulations define 'handicap' to include drug addiction or alcoholism that 'substantially limits one or more major life

---

[2] Defendants estimate that the installation of an automatic sprinkler system would cost $42,000, and displace the residents, some of whom would become homeless, for up to four weeks.

activities.'") (citation omitted); *Granada House, Inc. v. City of Boston*, 1997 WL 106688, at \*9 (Mass. Super. Feb. 28, 1997) ("In the present case, the court concludes that Massachusetts would look to federal law, including the FHA, in interpreting the phrases 'disabled person' and 'persons with disabilities', and that by so doing, the MZA must be read to bar the City's discriminatory treatment of a group home for recovering drug and alcohol users under the Code.").

Plaintiffs' argument rests on the assertion that the Massachusetts Appeals Court has, at least in one instance, upheld the enforcement of the Sprinkler Law in a sober home context. *See Massachusetts Sober Hous. Corp. v. Automatic Sprinkler Appeals Bd.*, 66 Mass. App. Ct. 701 (2006) (*MSHC*) (upholding the Sprinkler Appeals Board's decision that group sober recovery homes constitute "lodging or boarding houses" under the Sprinkler Law). But, in *MSHC* the Appeals Court expressly noted that the group home operator there did not raise, and therefore it did not consider, the implications of the FHA. *Id.* at 705 and n.6. One thing should be clear: the court does not doubt the sincerity of plaintiffs' representation that their motive to enforce the Sprinkler Law arises from a genuine concern for the safety and welfare of the home's residents. Nor does the court discount the potentially tragic consequences should an unsuppressed fire erupt in the

4

home. For better or worse, however, the MZA unequivocally prohibits the facially disparate imposition of the Sprinkler Law on a group residence sheltering disabled individuals.[3]

ORDER

For the foregoing reasons, defendants' motion for summary judgment is <u>ALLOWED</u> and plaintiffs' cross-motion is <u>DENIED</u>. The Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[3] Defendants also fault plaintiffs for failing to make a reasonable accommodation under the FHA that would involve the installation of other less expensive fire suppression devices. *See SMOC*, 752 F. Supp. 2d at 95 (Under the FHA, a party can assert a claim for failure to make a reasonable accommodation.). Defendants' willingness to take intermediate ameliorative steps may offer a reasonable compromise pending any future action by the Legislature.